**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS OSGOOD,**

   **Plaintiff,**

 **v.**                                   **CASE NO:**

**AUTOZONERS, LLC d/b/a AUTOZONE,**

   **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS OSGOOD, (hereinafter "Plaintiff" or "Mr. Osgood"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, AUTOZONERS, LLC d/b/a AUTOZONE (hereinafter "Defendant," "AutoZone," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, his employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, failed to provide reasonable accommodations for his disability, altered the terms, conditions, and privileges of his employment because of his disability, subjected him to a hostile work environment, and retaliated against him for requesting reasonable accommodations and opposing unlawful practices in violation of his rights under the ADA and the FCRA.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a)

and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Pasco County, Florida.

## PARTIES

8.     Plaintiff is THOMAS OSGOOD, a 49-year-old male who suffers from a serious and debilitating back condition that substantially limits one or more major life activities, including bending, lifting, standing for extended periods, and working. Plaintiff resides in Zephyrhills, Pasco County, Florida.

9.     Plaintiff is a member of a class protected against discrimination

and retaliation based on his disability under the ADA and the FCRA.

10.   Defendant employed Plaintiff as a Parts Sales Manager at AutoZone Store #3640, located at 32822 Eiland Blvd, Zephyrhills, Florida 33545, beginning on or about March 31, 2025.

11.   At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.   At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA and the FCRA.

13.   The Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, is a Limited Liability Company that regularly conducts business in Pasco County, Florida, including at AutoZone Store #3640 located at 32822 Eiland Blvd, Zephyrhills, Florida 33545, where Plaintiff was employed.

14.   At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Pasco County, Florida, and employed fifteen or more employees.

15.   At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADA and the FCRA.

16.     Accordingly, Defendant is liable under the ADA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On February 3, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation.

19.     On July 27, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights in reference to his Charge of Discrimination (EEOC Charge No. 511-2026-01834) against Defendant.

20.     This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

21.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against

Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.     Plaintiff Thomas Osgood is a 49-year-old male who suffers from a serious and debilitating back condition, the severity of which was caused and exacerbated by years of physically demanding work as a professional welder.

24.     Plaintiff's back condition is a physical impairment that substantially limits one or more of his major life activities, including bending, lifting, standing for extended periods, and working, and required ongoing medical care and, ultimately, surgery.

25.     Plaintiff's back condition ultimately forced him out of the welding trade, in which he had earned between $30.00 and $50.00 per hour. Seeking to maintain employment and support himself, Plaintiff accepted a lower-paying position as a Parts Sales Manager at AutoZone Store #3640, located at 32822 Eiland Blvd, Zephyrhills, Florida 33545.

26.     Plaintiff was hired on or about March 31, 2025, and

acknowledged AutoZone's Code of Conduct, Store Handbook, and Fleet Manual on April 28, 2025.

27. From the beginning of his employment, Plaintiff's back condition and his anticipated need for surgery were known to the employees in the store, including Store Manager Logan Bruce.

28. At the end of September and into the beginning of October 2025, Plaintiff's back condition worsened significantly, causing him severe pain and affecting his ability to perform certain physical job functions.

29. Plaintiff was receiving medical care from the Joseph Spine Institute, and his treating physician issued medical documentation outlining his physical limitations and his need for reasonable accommodations. Plaintiff's first doctor's note imposed a restriction on lifting over fifty pounds.

30. As Plaintiff's condition deteriorated, his physician issued a second note further restricting his activities, limiting him to no more than four hours of work per day, with no lifting and no bending.

31. Rather than engage in the interactive accommodation process required by AutoZone's own policies and by applicable federal and state law, Store Manager Logan Bruce immediately removed Plaintiff from the

schedule entirely upon receiving the second doctor's note, without consulting Human Resources, without following proper company procedures, and without providing Plaintiff any notice or explanation.

32.     On September 27, 2025, Plaintiff emailed AutoZone Regional HR Manager David N. Hines regarding his need for reasonable accommodations, confirming that he wanted to use his available hours and would have his physician complete any required form.

33.     In response, Mr. Hines informed Plaintiff that his physician's documentation was "not specific enough for what you can/cannot do," and requested that Plaintiff have his physician complete a more specific form provided by AutoZone. Mr. Hines indicated that AutoZone "should be able to accommodate a reduced hour schedule" upon receipt of the updated documentation, and informed Plaintiff that he had 31 hours of sick time available to use in the interim.

34.     In direct response to Mr. Hines' request, Plaintiff provided a new, more detailed doctor's note within 48 hours, a note that satisfied AutoZone HR's stated requirements. Despite this, Plaintiff was not immediately returned to the schedule.

35.     Compounding the failure to accommodate, Store Manager

Logan Bruce committed serious violations of Plaintiff's medical privacy. Logan Bruce read Plaintiff's doctor's note aloud to other employees in the store, publicly disclosing Plaintiff's protected medical information to individuals with no legitimate need to know.

36.    Logan Bruce further disclosed Plaintiff's private medical condition over the phone to Anthony, the manager of another AutoZone store, purportedly in an attempt to arrange shift coverage. A witness who was present heard this unauthorized disclosure firsthand, and Plaintiff received a text message from an employee at the other store confirming that Logan Bruce had volunteered Plaintiff's medical situation.

37.    On September 27, 2025, after his shift ended, Logan Bruce was additionally overheard on the phone discussing Plaintiff's medical condition with a manager named Kristi, who, upon information and belief, was advising Logan Bruce on how to handle Plaintiff.

38.    Plaintiff reported these unauthorized disclosures directly to David Hines via email on September 27, 2025.

39.    Despite Mr. Hines' direct instruction to Logan Bruce to return Plaintiff to the schedule following submission of the third, satisfactory doctor's note, Logan Bruce failed to comply in any meaningful way.

40.    Work schedule records confirm that Plaintiff was "Not Scheduled" for every day during the week of September 28 through October 4, 2025, resulting in zero hours of work. Plaintiff was similarly unscheduled for the week of October 5 through October 11, 2025.

41.    It took approximately two and a half weeks before Plaintiff was given any shifts at all. During this period, Plaintiff earned only $9.00 and was forced to borrow money from family members to survive, and has stated that without their financial assistance he would have lost everything and become homeless.

42.    AutoZone scheduled Plaintiff to open the store on the day immediately following the date of his scheduled back surgery, demonstrating a deliberate disregard for his known medical condition.

43.    When Plaintiff was eventually returned to the schedule, he was given only 15 to 18 hours per week, a figure that fell below AutoZone's own minimum mandatory hours for full-time employees. For the week of October 5 through October 11, 2025, Plaintiff was scheduled for approximately 15 hours, and for the week of October 12 through October 18, 2025, he was scheduled for approximately 16 hours.

44.    Plaintiff also faced significant delays in receiving his accrued

sick time. Despite having 31 hours of sick time available and despite repeated requests to access it, Plaintiff was forced to wait approximately one month before receiving payment.

45. On September 30, 2025, Plaintiff emailed David Hines regarding the sick time issue, and Mr. Hines directed Logan Bruce to enter the sick time in the system on Plaintiff's behalf. Mr. Hines later confirmed via email that an "off-cycle payment" had been issued to resolve the resulting payroll discrepancy.

46. Throughout his employment, Plaintiff was also subjected to a hostile work environment at the hands of fellow employee Floyd Hall. Floyd Hall filed false complaints against Plaintiff, including falsely reporting to Store Manager Logan Bruce that Plaintiff was distributing drugs in the workplace, an allegation that was entirely without basis.

47. Plaintiff requested that he not be required to work alone with Floyd Hall due to serious safety concerns, but AutoZone ignored his request and continued to schedule them together.

48. Floyd Hall has since been arrested for pulling a gun on members of the public, corroborating Plaintiff's concerns about the genuine danger Floyd Hall posed.

49.     District Manager Leonel Gonzalez, rather than taking Plaintiff's concerns seriously, told Plaintiff that he "had to leave his feelings at the door" and that he should "either do the job or quit." Mr. Gonzalez was directed to follow up with Plaintiff but called only once and never followed up again.

50.     As a direct result of AutoZone's failure to accommodate his disability, its removal of him from the schedule, its violations of his medical privacy, its delayed provision of sick time, and the hostile work environment to which he was subjected, Plaintiff's physical and emotional condition deteriorated significantly, and his back condition worsened to the point where surgery became necessary.

51.     Plaintiff's leave of absence became effective on October 6, 2025. AutoZone approved his Leave of Absence on October 10, 2025, and the FMLA Designation Notice of the same date confirmed his eligibility for leave due to his own serious health condition.

52.     Plaintiff sought mental health treatment at Central Florida Behavioral Health due to the emotional distress resulting from AutoZone's discriminatory treatment; however, he was told that his back pain needed to be addressed before therapy could begin, leaving him unable to obtain

mental health care.

53.     On December 10, 2025, Plaintiff notified AutoZone of the need to extend his Leave of Absence beyond its originally scheduled end date of January 15, 2026, and AutoZone approved that extension. Plaintiff's short-term disability transitioned to long-term disability on January 6, 2026, after AutoZone and its insurer initially attempted to disqualify him from benefits.

54.     At all times relevant herein, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position as a Parts Sales Manager, with or without reasonable accommodation.

55.     Defendant's discriminatory and retaliatory actions were motivated by Plaintiff's disability and by his requests for reasonable accommodations, and constituted unlawful discrimination and retaliation in violation of federal and state civil rights laws.

## COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
**Disability Discrimination / Failure to Accommodate**
**42 U.S.C. §§ 12101-12213**

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57.     At all times material, Defendant was an employer within the

meaning of the ADA.

58.     Plaintiff has a serious and debilitating back condition, which is a disability within the meaning of the ADA because it substantially limits one or more major life activities, including bending, lifting, standing for extended periods, and working.

59.     At all times material, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position as a Parts Sales Manager, with or without reasonable accommodation.

60.     Defendant knew of Plaintiff's disability and his need for accommodation, including through Plaintiff's doctor's notes from the Joseph Spine Institute, Plaintiff's September 27, 2025 email to Regional HR Manager David Hines, and Plaintiff's disability-related need for a reduced work schedule and lifting and bending restrictions.

61.     Plaintiff requested reasonable accommodations for his disability, including a reduced hour schedule and restrictions on lifting and bending, that would have allowed him to safely perform the essential functions of his job.

62.     Defendant, through Regional HR Manager David Hines, acknowledged that AutoZone "should be able to accommodate a reduced

hour schedule" upon receipt of appropriate documentation, and Plaintiff promptly provided that documentation.

63.     Despite having notice of Plaintiff's disability and his accommodation needs, Defendant failed to engage in a good-faith interactive process and failed to provide Plaintiff with a reasonable accommodation.

64.     Instead, Store Manager Logan Bruce immediately removed Plaintiff from the work schedule entirely upon receiving Plaintiff's restrictions, and thereafter Defendant failed to return Plaintiff to the schedule for approximately two and a half weeks despite HR's direct instruction to do so.

65.     When Defendant eventually returned Plaintiff to the schedule, it gave him only 15 to 18 hours per week, below AutoZone's own minimum mandatory hours for full-time employees, withheld his accrued sick time for approximately one month, and scheduled him to open the store the morning after his scheduled back surgery.

66.     Defendant treated Plaintiff less favorably than similarly situated non-disabled employees, who were not removed from the schedule without cause or notice and were not subjected to comparable treatment.

67. Defendant discriminated against Plaintiff because of his disability and failed to provide a reasonable accommodation in violation of the ADA.

68. As a direct and proximate result of Defendant's discrimination and failure to accommodate, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff, THOMAS OSGOOD, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, and the following relief:

1. A declaration that Defendant violated the ADA by discriminating against Plaintiff because of his disability and failing to accommodate him;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6.    Such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

69.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

70.    At all times material, Defendant was an employer within the meaning of the ADA.

71.    Plaintiff engaged in protected activity under the ADA by submitting doctor's notes requesting reasonable accommodations, by emailing David Hines on September 27, 2025 to request accommodations and report Logan Bruce's unauthorized disclosure of his medical information, and by filing a Charge of Discrimination with the EEOC.

72.    Defendant knew of Plaintiff's protected activity.

73.    After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including immediately removing him from the work schedule after he submitted his accommodation requests, delaying his return to the schedule despite HR's direct instruction, reducing his hours below the mandatory minimum for

full-time employees, withholding his accrued sick time, and scheduling him to open the store the morning after his surgery.

74. The materially adverse actions taken against Plaintiff would dissuade a reasonable employee from requesting accommodation or otherwise engaging in protected activity under the ADA.

75. The close temporal proximity between Plaintiff's accommodation requests and Defendant's adverse actions, together with the surrounding circumstances, supports a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions.

76. Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the ADA.

77. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff, THOMAS OSGOOD, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, and the following relief:

1.    A declaration that Defendant violated the ADA by retaliating against Plaintiff for engaging in protected activity;

2.    Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3.    Compensatory damages as allowed by law;

4.    Pre-judgment and post-judgment interest as allowed by law;

5.    Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6.    Such other and further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Hostile Work Environment
### 42 U.S.C. §§ 12101-12213

78.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

79.    At all times material, Defendant was an employer within the meaning of the ADA.

80.    Plaintiff has a serious and debilitating back condition that is a disability within the meaning of the ADA and was known to Defendant.

81.    During his employment, Plaintiff was subjected to unwelcome

harassment and mistreatment, including the false accusation by fellow employee Floyd Hall that Plaintiff was distributing drugs in the workplace, Defendant's refusal to stop requiring Plaintiff to work alone with Floyd Hall despite his safety concerns, and District Manager Leonel Gonzalez's dismissal of Plaintiff's concerns by telling him to "leave his feelings at the door" and to "either do the job or quit."

82. The harassment and hostile conditions intensified in the aftermath of Plaintiff's requests for accommodation and his opposition to Defendant's unlawful conduct.

83. The mistreatment was sufficiently severe or pervasive that it might have dissuaded a reasonable worker from making or supporting a charge under the ADA and altered the terms and conditions of Plaintiff's employment.

84. A reasonable person in Plaintiff's position would have found the work environment hostile or abusive, and Plaintiff in fact perceived it to be hostile and abusive.

85. Defendant knew or should have known of the harassment, including through Plaintiff's complaints, and failed to take prompt and effective remedial action reasonably calculated to stop it.

86. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including emotional distress, humiliation, mental anguish, loss of dignity, and other compensatory damages, as well as economic damages to the extent proven.

**WHEREFORE**, Plaintiff, THOMAS OSGOOD, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, and the following relief:

1. A declaration that Defendant violated the ADA by subjecting Plaintiff to a hostile work environment;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Disability Discrimination / Failure to Accommodate
### Fla. Stat. §§ 760.01-760.11

87.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

88.     At all times material, Defendant was an employer within the meaning of the FCRA.

89.     Plaintiff's serious and debilitating back condition constitutes a handicap or disability within the meaning of the FCRA because it substantially limits one or more major life activities.

90.     At all times material, Plaintiff was able to perform the essential functions of his position as a Parts Sales Manager, with or without reasonable accommodation.

91.     Plaintiff notified Defendant of his disability and requested reasonable accommodations, including a reduced hour schedule and restrictions on lifting and bending.

92.     Plaintiff's requested accommodations were reasonable and necessary to permit him to safely perform his job.

93.     Despite notice of Plaintiff's disability and accommodation

needs, Defendant failed to engage in a good-faith interactive process and failed to provide a reasonable accommodation.

94.     Instead, Defendant removed Plaintiff from the work schedule, delayed his return, reduced his hours below the mandatory minimum for full-time employees, withheld his accrued sick time, and scheduled him to open the store the morning after his surgery.

95.     Defendant thereby discriminated against Plaintiff because of his disability in the terms, conditions, and privileges of employment, in violation of the FCRA.

96.     As a direct and proximate result of Defendant's disability discrimination and failure to accommodate, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff, THOMAS OSGOOD, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, and the following relief:

1.     A declaration that Defendant violated the FCRA by discriminating against Plaintiff because of his disability and failing to

accommodate him;

2.     Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3.     Compensatory damages as allowed by law and within any applicable statutory limits;

4.     Pre-judgment and post-judgment interest as allowed by law;

5.     Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6.     Such other and further relief as the Court deems just and proper.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Retaliation
### Fla. Stat. §§ 760.01-760.11

97.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

98.     At all times material, Defendant was an employer within the meaning of the FCRA.

99.     Plaintiff engaged in protected activity under the FCRA by submitting doctor's notes requesting reasonable accommodations, by emailing David Hines on September 27, 2025 to request accommodations

and report the unauthorized disclosure of his medical information, and by filing a Charge of Discrimination.

100. Defendant knew of Plaintiff's protected activity.

101. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including removing him from the work schedule, delaying his return, reducing his hours below the mandatory minimum, withholding his accrued sick time, and scheduling him to open the store the morning after his surgery.

102. The materially adverse actions taken against Plaintiff would dissuade a reasonable employee from engaging in protected activity under the FCRA.

103. The close temporal proximity between Plaintiff's protected activity and Defendant's adverse actions, together with the surrounding circumstances, supports a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions.

104. Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the FCRA.

105. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits,

lost earning capacity, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE**, Plaintiff, THOMAS OSGOOD, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, and the following relief:

1. A declaration that Defendant violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law and within any applicable statutory limits;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Hostile Work Environment
### Fla. Stat. §§ 760.01-760.11

106.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

107.    At all times material, Defendant was an employer within the meaning of the FCRA.

108.    Plaintiff has a serious and debilitating back condition that constitutes a handicap or disability within the meaning of the FCRA and was known to Defendant.

109.    During his employment, Plaintiff was subjected to unwelcome harassment and mistreatment, including the false accusation by fellow employee Floyd Hall that Plaintiff was distributing drugs in the workplace, Defendant's refusal to stop requiring Plaintiff to work alone with Floyd Hall despite his safety concerns, and District Manager Leonel Gonzalez's dismissal of Plaintiff's concerns by telling him to "leave his feelings at the door" and to "either do the job or quit."

110.    The mistreatment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create an

intimidating, hostile, and offensive work environment.

111.    A reasonable person in Plaintiff's position would have found the work environment hostile or abusive, and Plaintiff in fact perceived it to be hostile and abusive.

112.    Defendant knew or should have known of the harassment, including through Plaintiff's complaints, and failed to take prompt and effective remedial action reasonably calculated to stop it.

113.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including emotional distress, humiliation, mental anguish, loss of dignity, and other compensatory damages, as well as economic damages to the extent proven.

**WHEREFORE**, Plaintiff, THOMAS OSGOOD, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, AUTOZONERS, LLC d/b/a AUTOZONE, and the following relief:

1.    A declaration that Defendant violated the FCRA by subjecting Plaintiff to a hostile work environment;

2.    Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law and within any applicable statutory limits;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 28th day of July 2026.

> /s/ Jason W. Imler, Esq.
> Jason W. Imler
> Florida Bar No. 1004422
> Alberto "Tito" Gonzalez
> Florida Bar No. 1037033
> **Imler Law**
> 23110 State Road 54, Unit 407
> Lutz, Florida 33549
> (P): 813-553-7709
> Jason@ImlerLaw.com
> Tito@ImlerLaw.com
> Ashley@ImlerLaw.com
> Tiffany@ImlerLaw.com